# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

JOSHUA GREGORY RICHARDSON,

           Petitioner,

v.                                                  CIVIL ACTION NO. 2:18-cv-01503
                                                  (Criminal No. 2:17-cr-00148)

UNITED STATES OF AMERICA,

           Respondent.

# MEMORANDUM OPINION AND ORDER

On December 11, 2018, the Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 49). By *Standing Order* (Document 50) entered on December 12, 2018, the matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On July 8, 2019, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 58), wherein it is recommended that this Court deny the Petitioner's § 2555 motion and remove this action from the Court's docket. The *Movant's Objection to the Proposed Findings and Recommendations Concerning Petition for Habeas Corpus (28 U.S.C. §2255)* (Document 59) was timely filed on July 22, 2019. For the reasons stated herein, the Court finds that the PF&R should be adopted and the Petitioner's § 2255 motion must be denied.

# FACTS

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding the Petitioner's motion. The Court now incorporates by reference those facts and procedural history, but in order to provide context, the Court provides the following summary.

On February 22, 2018, the Petitioner, Joshua Gregory Richardson, entered a guilty plea to conspiracy to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 846. On July 19, 2018, he was sentenced to a 71-month term of incarceration, the top of his applicable Sentencing Guideline range. He did not file a direct appeal. He now alleges that his counsel was ineffective, rendering his guilty plea involuntary.

According to Mr. Richardson's Presentence Investigation Report (PSR), officers using a Confidential Source (CS) to make a controlled drug purchase from another individual, identified as D.B., observed Mr. Richardson enter D.B.'s residence and exit a few moments later. They followed his vehicle and conducted a traffic stop for failure to maintain control. A K-9 indicated positively for controlled substances in the vehicle, and officers searched the vehicle and Mr. Richardson. They seized $9,883, including $900 of pre-recorded money used during the controlled drug transaction. He pled guilty in municipal court to a lane violation but contends that dash cam video demonstrates that he did not violate any traffic laws.

Officers searched D.B.'s residence, and found quantities of methamphetamine and pills, as well as guns. D.B. stated that she had purchased a total of eight to ten ounces of methamphetamine from Mr. Richardson in several separate transactions. At first, she paid for the drugs in full when she purchased them, but Mr. Richardson later began fronting her drugs, and she owed him about $4,000 at the time of the search of her home. She admitted that she gave Mr. Richardson $3,000 on December 20, 2016, including the money she received during the controlled purchase.

Mr. Richardson signed a plea agreement with a stipulation of facts admitting that he supplied methamphetamine to D.B. and admitting responsibility for 400 to 700 kilograms of marijuana equivalency. The pre-sentence investigation found him responsible for 28.37 grams of "ice" and 56.7 grams of methamphetamine, with a combined total marijuana equivalency of 680.10 kilograms.

The plea agreement also included waivers of appeal and of collateral attack, except as to allegations of ineffective assistance of counsel. During Mr. Richardson's plea hearing, the Court advised him as to those waivers. He also indicated that he understood that he would not be able to call or cross-examine witnesses or move to suppress evidence as a result of his guilty plea. At the time of his plea hearing, he stated that he was satisfied with his counsel and had freely chosen to plead guilty following consultation with his attorney.

Mr. Richardson now contends that his counsel was ineffective because he failed to file a motion to suppress the traffic stop and D.B.'s statement. He argues that D.B. gave inconsistent statements and that her statements constitute hearsay. Absent that evidence, he argues that the case against him would have been dismissed.

**STANDARD OF REVIEW**

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

The Magistrate Judge found that the decision not to file a motion to suppress the traffic stop was within the range of permissible tactical decisions his attorney could make. In the PF&R, the Magistrate Judge notes that Mr. Richardson's guilty plea to the lane violation would have made any argument that the stop was not supported by probable cause difficult. In addition, the Magistrate Judge found that the officers had reasonable suspicion to conduct the traffic stop based on Mr. Richardson's brief visit to D.B.'s residence shortly after D.B. sold drugs in a controlled transaction. Similarly, he concluded that a motion to suppress D.B.'s statement would have been without merit, and notes that Mr. Richardson's guilty plea waived trial, and therefore, mooted any potential objections that could have been made during potential testimony by D.B. Finally, in the PFR, the Magistrate Judge concludes that Mr. Richardson's claim of actual innocence is unsupported, given the significant evidence that he committed the offense of conviction, including his own statements during his plea hearing.

Mr. Richardson objects, arguing that failing to seek to suppress evidence obtained as a result of the traffic stop, as well as D.B.'s statements, constitutes deficient performance by his attorney and prejudiced his case. He argues that his attorney should have sought to "quash the indictment based upon [D.B.'s false] grand jury statements." (Obj. at 2.) He contends that his plea was involuntary and unknowing because he was unaware that he could file meritorious

motions to suppress. He requests an evidentiary hearing to further develop the record regarding his claim of actual innocence, which he contends is supported by the lack of drugs found during the search of his vehicle.

A post-conviction claim of ineffective assistance of counsel requires a showing "that counsel's representation fell below an objective standard of reasonableness" and that "any deficiencies in counsel's performance must be prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984). "Judicial scrutiny of counsel's performance must be highly deferential" and based on the facts known to counsel at the time of the challenged conduct. *Id.* at 689–90. "In the context of guilty pleas," the first prong involves an evaluation of the attorney's competence in advising the client, while the second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Mr. Richardson claims that his counsel was ineffective because he failed to file motions to suppress (a) statements from a co-conspirator and (b) evidence obtained during a traffic stop. The statements from a co-conspirator would not be subject to a viable pre-trial motion to suppress. The

credibility of a witness may be challenged through cross-examination, and the decision to enter a guilty plea waived the right to cross-examine witnesses in trial.

In this case, the decision by Mr. Richardson's attorney not to file a motion to suppress evidence obtained in the traffic stop falls within the "wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). The Supreme Court has framed the issue as whether "no competent attorney would think a motion to suppress would have failed." *Premo v. Moore*, 562 U.S. 115, 124 (2011). As such, the Court is not in the position of essentially resolving a post-judgment motion to suppress. Instead, the Court must consider only whether a competent attorney, evaluating Mr. Richardson's case at the time, could conclude that filing a motion to suppress was unlikely to be beneficial. The dash cam video was not provided in discovery, and Mr. Richardson's attorney did not make an effort to obtain it. When Mr. Richardson's attorney considered the possibility of a motion to suppress, he "learned that not only had [Mr. Richardson] been ticketed, but that [he] pled guilty, [was] found guilty by the Ironton Municipal Court, and that [he] even paid the fine" for the traffic violation. (Pet.'s Ex. F to Mot.) (Document 49 at 29-30.) He concluded that a motion to suppress would lack merit, given Mr. Richardson's guilty plea to the traffic violation that supported the stop, and did no further investigation. That evaluation, particularly when viewed in combination with the other evidence implicating Mr. Richardson and the potential benefits of an early plea, is not evidence of an unreasonable professional or strategic judgment.

Finally, Mr. Richardson argues that he is actually innocent of the conspiracy to distribute methamphetamine to which he pled guilty and requests an evidentiary hearing. Given D.B.'s statements, his brief stop at a residence that was the site of drug transactions, his possession of money used in a controlled buy, and his admissions during his plea, the Court finds that no further

6

investigation into the claim is warranted. Accordingly, Mr. Richardson's objections must be overruled and his motion pursuant to § 2255 denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Movant's Objection to the Proposed Findings and Recommendations Concerning Petition for Habeas Corpus (28 U.S.C. §2255)* (Document 59) be **OVERRULED** and that Magistrate Judge Aboulhosn's *Proposed Findings and Recommendation* (PF&R) (Document 58) be **ADOPTED**. The Court further **ORDERS** that the Petitioner's *Motion to Vacate, Modify, or Otherwise Correct a Federal Sentence in Accord with Habeas Corpus Ad Subjiciendum (Codified as 28 U.S.C. §2255)* (Document 49) be **DENIED** and that this action be **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: November 20, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA