# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JOSHUA GREGORY RICHARDSON,

    Petitioner,

v.                      CIVIL ACTION NO. 2:18-cv-01503
                         (Criminal No. 2:17-cr-00148)

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the pro se *Motion to Alter or Amend Judgment (Fed. R. Civ. P. 59(e))* (Document 63) and the second *Motion to Alter or Amend Judgment (Fed. R. Civ. P. 59(e))* (Document 64).

The Petitioner was convicted via a guilty plea to conspiracy to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 846 on February 22, 2018, and ultimately sentenced to a 71-month term of incarceration. He filed a motion pursuant to 28 U.S.C. § 2255 on December 11, 2018, asserting that his counsel was ineffective, rendering his plea involuntary, because his counsel did not investigate and seek to suppress the traffic stop during which officers seized more than $9,000, including bills used during a previous controlled drug transaction. The Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 58), recommending that the § 2255 motion be denied. On November 20, 2019, the Court entered a *Memorandum Opinion and Order* (Document 60), adopting the PF&R and dismissing the Petitioner's § 2255 motion. The Petitioner now requests reconsideration of that order.

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment. The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* The Fourth Circuit has further cautioned that reconsideration after entry of judgment should be used sparingly. *Id.*

The Petitioner's motion for reconsideration presents essentially the same arguments as his § 2255 motion and the objections to the PF&R. The Court considered those arguments in the opinion overruling the objections, adopting the PF&R, and dismissing the Petitioner's § 2255 motion. After careful consideration, finding that the Petitioner has not met the standard applicable to Rule 59(e) motions for reconsideration, and for the reasons set forth in the *Memorandum Opinion and Order* previously entered in this matter, the Court **ORDERS** that the *Motion to Alter or Amend Judgment (Fed. R. Civ. P. 59(e))* (Document 63) and the second *Motion to Alter or Amend Judgment (Fed. R. Civ. P. 59(e))* (Document 64) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 2, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA