IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:17-cr-00148

JOSHUA GREGORY RICHARDSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Emergency Motion to Transfer Sentence to Home Confinement and/or Modify Under Compassionate Relief 18 U.S.C. § 3582(c)(1)(A)(i)* (Document 82), three *Letter-Form Motions* (Documents 86, 87, and 88), the *Response of the United States of America to Defendant's Emergency Motion to Transfer His Sentence to Home Confinement* (Document 84), and the *Supplemental Response of the United States of America to Defendant's Emergency Motion to Transfer His Sentence to Home Confinement* (Document 89). For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

**FACTUAL BACKGROUND**

On February 22, 2018, the Defendant pled guilty to a single-count indictment, charging him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. The Defendant previously filed three motions requesting release to home confinement, alleging that the COVID-19 pandemic presents a high risk due to his pre-existing medical conditions. (Documents 75, 78, 80.) The Court entered orders denying the Defendant's motions, finding that

the Defendant had not satisfied the administrative exhaustion requirements set forth in 18 U.S.C. § 3582(c)(1)(A)(i).  (Documents 77, 79, 81.)   In the most recent of those orders, the Court noted that it would not issue rulings on future motions without new substance requesting the same relief. (Document 81.)

On April 13, 2020, inmates at FCI Elkton brought an emergency habeas action in the United States District Court for the Northern District of Ohio, requesting relief due to the spread of COVID-19 within FCI Elkton.  *Wilson et al. v. Williams et al.*, No. 4:20-cv-794, (N. D. Oh., Apr. 13, 2020).   On April 22, 2020, the District Court for the Northern District of Ohio granted a preliminary injunction to the Petitioners, ordering Respondents to identify subclass members; evaluate each subclass member's eligibility for transfer by May 6th, prioritizing the most medically vulnerable inmates and transfer vulnerable inmates ineligible for home placement, furlough or compassionate release to another Bureau of Prisons (BOP) facility.   In that order, the District Court found that FCI Elkton's "'dorm-style' design guarantees that inmates remain in close proximity to one another," and predicted that "[w]ith the shockingly limited available testing and the inability to distance inmates, COVID-19 is going to continue to spread, not only among the inmate population, but also among the staff."  (*Wilson et al. v. Williams et al.*, No. 4:20-cv-794, Document 22 at 3.)   Despite the Ohio Court's Order requiring Respondents to evaluate and transfer medically vulnerable inmates by May 6, 2020, as of May 8, 2020, Respondents had failed to comply with the preliminary injunction.

On April 27, Respondents filed an interlocutory appeal.   On April 29, 2020, Respondents moved for the Sixth Circuit to stay the District Court's order.   On April 30, 2020, the Sixth Circuit denied Respondents' request for an administrative stay.   On May 4, 2020, the Sixth Circuit also

denied Respondents' request for a stay pending appeal. On May 8, 2020, the District Court also denied the Respondent's request for a stay pending the outcome of the appeal of the preliminary injunction.

## DISCUSSION

In the current motion, the Defendant alleges that he has now exhausted administrative remedies and, again, requests transfer of his sentence to home confinement based on the fact that he presents a medically high risk of contracting the coronavirus, given the conditions at FCI Elkton where he is incarcerated. On April 5, 2020, the Defendant submitted a request to the BOP, asking for compassionate release based on his history of asthma and high blood pressure. At the time the Defendant filed his motion with this Court, over thirty days had elapsed and the Defendant had not received a response to his request for relief. The Defendant also alleges that he was designated as a "high-risk" inmate on a list prepared by the BOP (as ordered by the Ohio District Court) for purposes of identifying medically vulnerable inmates that may present an increased risk of complications from the coronavirus, based on CDC guidelines.

Pursuant to Order entered May 19, 2020, this Court requested a supplemental response from the United States detailing the spread of the coronavirus and conditions of confinement at FCI Elkton. The response outlined methods for inmate separation and screening, isolating prisoners with existing symptoms, screening visitors and staff, cleaning, and provision of personal protective equipment for staff and inmates at FCI Elkton.

The United States also attached a status report, dated May 21, 2020, detailing the number of confirmed cases at FCI Elkton. As of that time, there were a total of 10 positive Abbott tests

and 57 positive tests from the mass testing pool.[1] However, an Order entered May 14, 2020, by Judge Gwin in the Northern District of Ohio requires daily reports indicating the number of COVID-19 tests performed at FCI Elkton and the results of those tests. The most recent status report, filed June 9, 2020, demonstrates that there are 42 positive Abbott tests and 305 positive tests from the mass testing pool. (*Wilson et al. v. Williams et al.*, No. 4:20-cv-794, Document 115.) Therefore, there are currently 347 confirmed cases of coronavirus at FCI Elkton.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Although the current situation at FCI Elkton is compelling, the applicable § 3553(a) factors do not warrant relief in this case. The Defendant was sentenced to 71 months incarceration on July 19, 2018. Therefore, the Defendant has only served approximately two years of the imposed sentence of almost six years of incarceration. In particular, to relieve the Defendant of over fifty percent of his imposed sentence based on these facts would constitute an unwarranted sentencing

---

1 There is some discrepancy between the numbers reported in the status report, attached as Exhibit 1 to the United States' response, and the numbers detailed in the United States' brief. The United States reported 56 positive Abbott tests, but the status report only shows 10.

4

disparity among similarly situated defendants facing similar conditions of confinement in light of the pandemic. The Court has also given consideration to the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence imposed to provide just punishment, afford adequate deterrence and protect the public together with the applicable sentencing range. Given the limited options available to the Court for providing relief under *18 U.S.C. § 3582(c)(1)(A)(i)*, the Court finds that the § 3553(a) factors do not weigh in favor of the Defendant's release in this case.[2]

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Emergency Motion to Transfer Sentence to Home Confinement and/or Modify Under Compassionate Relief 18 U.S.C. § 3582(c)(1)(A)(i)* (Document 82) and the accompanying *Letter-Form Motions* (Documents 86, 87, 88) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 11, 2020

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 Given the length of prison term left to be served, the Court finds that compassionate release cannot be granted at this time, but expresses no opinion as to any relief that may remain available via the BOP or through ongoing proceedings in the Northern District of Ohio.